# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

JUDY A. ALLEN, Individually and as )
Executor of the Estate of TONY H. )
ALLEN, Deceased, )
                                )
          Plaintiff, )
                                )          1:20CV1150
          v. )
                                )
3M COMPANY, et al., )
                                )
          Defendants. )

## <u>RECOMMENDATION OF UNITED STATES MAGISRATE JUDGE</u>

This matter comes before the Court upon Plaintiff's motion for leave to amend the complaint. (Docket Entry 79.) Plaintiff seeks leave to amend the complaint to add Starr Davis Company of S.C., Inc. and Wind Up, Ltd. as defendants. (*Id.*) For the reasons herein, the undersigned will recommend that Plaintiff's motion for leave to amend the complaint be denied without prejudice.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), Plaintiff moves to amend the complaint to add Starr Davis Company of S.C., Inc. and Wind Up, Ltd. as defendants. (Docket Entry 79.) The Court's pretrial scheduling order set September 10, 2021 as the deadline for Plaintiff to amend the pleadings or to join additional parties. (Docket Entry 74.) Here, Plaintiff's motion for leave to amend the complaint was filed after the deadline for amendments had passed, therefore Plaintiff must meet two requirements for the Court to grant the motion. *Nourison Rug Corp. v. Parvizian*, 535 F.3d 295, 298 (4th Cir. 2008). First, Plaintiff must make a showing of good cause to modify the scheduling order under Federal

Rule of Civil Procedure 16(b). *Belcher v. W.C. English Inc.*, 125 F. Supp. 3d 544, 548 (M.D.N.C. 2015); *see also Nourison Rug Corp.*, 535 F.3d. at 298. Second, even if Plaintiff meets the more rigorous good cause standard, Plaintiff can only amend the pleadings if the Court grants Plaintiff leave to amend or by consent under Federal Rule of Civil Procedure 15(a). *DeWitt v. Hutchins*, 309 F. Supp. 2d 743, 748 (M.D.N.C. 2004).

A court may find good cause where a plaintiff exercising reasonable diligence would not have discovered the evidence supporting the proposed amendment until after the amendment deadline. *Belcher*, 125 F. Supp. 3d at 549. In assessing good cause, the Court "focuses on the timeliness of the amendment and the reasons for its tardy submission; the primary consideration is the diligence of the moving party." *Montgomery v. Anne Arundel Cnty, Maryland*, 182 F. App'x 156, 162 (4th Cir. 2006) (citing *Odyssey Travel Ctr., Inc. v. RO Cruises, Inc.*, 262 F. Supp. 2d 618, 631-32 (D. Md. 2003)).

Here, Plaintiff seeks leave to amend because "[a]s the investigation into Tony Allen's potential exposures to asbestos containing products continues, Plaintiffs have come to the attention that certain corporations were unintendedly omitted from the original complaint." (Docket Entry 79 at 1.) The undersigned notes that "[t]he ordinary rule [regarding leave to amend] is that simple carelessness, inadvertence, or attorney error does not amount to good cause justifying a modification of the scheduling order." *Carolina Coupon Clearing, Inc. v. Cardinal Health Managed Care Servs., LLC*, No. 1:16CV412, 2017 WL 5634903, at *2 (M.D.N.C. June 9, 2017) (quoting *Sall v. Bounassissi*, Civil Action No. DKC 10-2245, 2011 WL 2791254, at *3 (D. Md. July 13, 2011)). Plaintiff's motion has not adequately addressed whether Plaintiff has good

2

cause for leave to amend or whether Plaintiff's unintended omission was simple carelessness, inadvertence, or attorney error.

Accordingly,

**IT IS HEREBY RECOMMENDED** that Plaintiff's motion for leave to amend the complaint (Docket Entry 79) be **DENIED WITHOUT PREJUDICE.**

Joe L. Webster
United States Magistrate Judge

February 16, 2022